# Lessee of James Brice *against* Richard Curran.

The 5th section of the limitation act of March 26, 1785, only refers to warrants issued before the law was enacted.

EJECTMENT for 50 acres of land in Lark township.

The plaintiff claimed under a warrant to John Brown, dated 5th April 1788, for 50 acres, including an improvement, bounded, &c. ; interest to commence from 1st March 1761 ; and a survey made thereon by James Harris on the 8th March 1796. Brown had raised a crop on the land in 1788, but neither he, nor the persons claiming under him, had any actual subsequent posses- sion. There was an adverse possession when the survey was made, and the surveyor was forbidden to execute the warrant on the lands. The suit was brought to August term 1800.

Exception was taken by the defendant's counsel to the shew- ing of the survey in evidence, on the grounds of the limitation act, passed 26th March 1785, § 5, 2 St. Laws 282. It is an act of repose, and highly beneficial, and pursues the statute in Eng- land of 21 Jac. 1, c. 16. A warrant gives no title to lands, but only authorizes a survey within six months thereafter. Here there was no survey made within seven years after the date of the warrant, nor any possession antecedent to the commence- ment of the suit for eleven years. But the act requires the quiet and peaceable possession of the lands within seven years next before the entry or bringing the action. These words refer equally to warrants and settlements ; and after the seven years, the warrant without a survey shall be presumed to be abandoned, in the same manner, as a bond shall be presumed at common law to be paid after the lapse of twenty years, unless the legal presumption be repelled by other proof.

The plaintiff's counsel answered. The words of the 8th sec- tion are, "No person or persons, that now hath or have any "claim to the possession of any lands, or the pre-emption "thereof from the commonwealth, upon any warrant whereon "no survey hath been made ; or in consequence of any prior "settlement, improvement or occupation, without other title, "shall hereafter enter or bring any action for the recovery "*thereof, unless he, she or they, or his or their ancestors [*404 "or predecessors, have had the peaceable and quiet pos- "session of the same, within seven years next before such entry "or bringing such action," with a provision, in favour of persons driven away from their possessions by the savages. Now it is obvious, that the words are confined to claims existing at the passing of the act, and not to future claims, the word *now* being made use of. It is also clear, that there are two independent clauses, marked by the disjunctive *or*, referring to claims by war- rant, or improvement. The expressions "without further title," refer to improvements alone ; those following *unless* may refer

[Murphy's Lessee *v.* M'Cleary et al.]

to warrants also ; so that it will read thus : A warrant whereon no survey has been made, or an interrupted settlement, may justify an entry or support an action provided there has been a quiet and peaceable possession of the lands within seven years next before such entry or action.   The act in no part of it directs, that a survey shall be made on a warrant within seven years after its being issued ; or that in the case of a warrant, accompanied with a survey, it is necessary there should be a possession within seven years before the suit brought.   The construction has never obtained, that the survey under a warrant should be made in six months.   It would defeat the titles of many valuable estates.   Indeed it has often been said from the bench, that so far from warrants not conferring a title to lands where the full purchase money has been paid, that in the instances of their being specially and exclusively descriptive of certain lands, as of an island encompassed by water, &c. an ejectment might be supported on such a warrant without a survey, and that such case was not within the limitation act.   Here there was a warrant subsequent to 26th March 1785, and a survey thereon regularly made, in addition to an improvement made many years ago.

The court directed the survey to be received in evidence, and said, the limitation act only referred to warrants issued before the law was enacted ; and YEATES, J. observed, that he was of opinion, that the doctrine of the plaintiff's counsel was accurate and correct throughout.

The defendant claimed under an earlier application and improvement ; and after the evidence on both sides was received, the cause was submitted to the jury without further argument, who found a verdict for the defendant.

Messrs. Hamilton and Walker, *pro quer.*
Messrs. Duncan and Watts, *pro def.*

Cited in 3 S. & R. 403 to show that the limitation act of March 26, 1785, only refers to warrants issued before the act was passed.   Cited for the same purpose in 5 S. & R. 274, and 6 S. & R. 125.